THE BOARD OF COMMISSIONERS OF HARVEY COUNTY v. GEORGE D. MUNGER, *et al.*

JUDGMENT FOR COSTS, *Erroneous.* The court ordered the plaintiff to amend its petition in certain particulars, and the plaintiff failing to do so, the court then, on motion of the defendant, rendered judgment against the plaintiff for all the costs which had accrued in the case, without dismissing the plaintiff's action, or making or rendering any other order or judgment in the case. *Held,* Error.

*Error from Harvey District Court.*

JANUARY 24, 1880, in an action wherein the *Board of Commissioners of Harvey County* was plaintiff, and *Munger* and four others were defendants, the latter recovered a judgment for costs. The plaintiff brings the case here. The facts are stated, *ante,* pp. 205–207, and in the opinion, *infra.*

*John Reid,* for plaintiff in error.

*Bowman & Bucher,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This case has twice been in this court. (*Munger v. Comm'rs of Harvey Co.*, 22 Kas. 318; *Comm'rs of Harvey Co. v. Munger*, ante, p. 205.) From the record of the case, as it is now presented to this court, it appears that on December 22, 1879, the court below ordered that the plaintiff below, (the county board) should amend its amended petition, in certain specified particulars. The plaintiff then "asked for, and was granted by the court, leave to amend its petition in accordance with such orders of the court, or prepare a case-made for the supreme court, on or before the 20th day of January, 1880." A case for the supreme court was afterward duly made. (Upon this case-made the decision, *ante,* p. 205, was made.) On January 24, 1880, the defendants filed a motion as follows: "Now come the defendants appearing in said action, and move the court for a judgment for the costs in said action, for the reason that said plaintiff has neglected and failed to amend its amended petition therein filed as required by the order of said court within given for it to so do, but said plaintiff has chosen to rely upon its exceptions taken to said order of said court." Upon the hearing of this motion, the court below made the following entry, to wit:

"And now on this 24th day of January, 1880, at an adjourned term of this court, came the defendants answering herein, and as per their motion filed herein on the 24th day of January, 1880, of which the plaintiff had due notice, moved the court for judgment against the plaintiff for the costs accrued in this action. To the hearing of said motion and the rendering of such judgment the plaintiff, by John Reid, county attorney, and A. L. Greene, its attorney, objected, and the court having heard the arguments of counsel upon the objections of the plaintiff, overruled the objections of the plaintiff; to which ruling the plaintiff duly excepted. Whereupon the court sustained the motion of said defendants, and ordered and adjudged that the defendants, George D. Munger, Enos Commons, A. D. Ross and Samuel Saylor, do have and recover of said plaintiff their costs herein, taxed at $884.96; to the sustaining of which said motion, and the

rendition of such judgment, the plaintiff then and there objected and duly excepted, and asked for and was granted by the court sixty days to make and serve a case-made for the supreme court."

This last-mentioned case-made was duly made, served, settled and signed, and upon the same the present case is now pending before us; and the only question presented by it for our consideration is, whether the court below erred in rendering the judgment for $884.96, costs.

We think the court below erred. It will be noticed that the costs were not imposed upon the plaintiff as a condition for the procurement of some benefit or privilege; nor was the imposition of costs the necessary or natural result, following some other order or judgment or proceeding. Nothing was done by the court at the time except to impose such costs. The plaintiff was not granted the privilege of amending its petition upon the payment of costs, nor was it allowed to perform any other act upon the payment of costs. Besides, it would have been an abuse of discretion to impose $884.96 as a condition for the granting of any ordinary privilege in a court of justice; nor was the plaintiff's action dismissed; nor was it finally disposed of in any other manner. So far as the record shows, the action is still pending in the district court. The only action of the court was to adjudge the costs against the plaintiff. The action upon its merits still remains pending in the district court. No judgment upon the merits, or as to the action itself, has yet been rendered. It seems from the record that said $884.96 was imposed upon the plaintiff merely as a penalty for failing to amend the petition as ordered by the court. Now $884.96 is a pretty heavy penalty for such a failure, and especially so, as the order requiring the plaintiff to amend was partly erroneous. (*Ante*, p. 210.) It may have been the intention of the court below to dismiss the plaintiff's action because of said failure, and to let the costs be imposed as the law would direct; but the record of the case does not so show. The motion of the defendants was merely for a judgment for costs, and the order of the court

upon the motion awarded nothing else.   The action was not dismissed, nor were the defendants discharged, or allowed to "go hence without day."   Nothing was done to relieve the defendants (or the plaintiff) from further appearing in the action.   And as the order of the district court, requiring the plaintiff to amend its petition, was partly reversed by the supreme court, it is probably well that the plaintiffs action was not dismissed.   If the action had been dismissed, it would have been necessary, after the partial reversal above mentioned, to have set the dismissal aside, so as to give the plaintiff the benefit of the decision of the supreme court. The plaintiff may now, if it has not already done so, amend its petition in accordance with the decision of this court, and then the action may be tried upon its merits.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

HORTON, C. J., concurring.